JOHANNA RENNER, PLAINTIFF, v. ANNIE M. RENNER AND
JOSEPH M. H. RENNER, DEFENDANTS.

Submitted October 15, 1926—Decided March 23, 1927.

Alienation of Husband's Affections—Verdict For Husband but
Against Husband's Mother, the Mother-in-Law—Verdict Upon
the Testimony of Plaintiff Almost Entirely—Reasons For
New Trial Considered and No Reason Found For Making the
Rule Absolute.

On rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Carl Weitz.*

*Contra, Donald M. Waesche.*

PER CURIAM.

This is the defendant's rule to show cause why a new trial
should not be granted. The action was by Johanna Renner
against Annie M. Renner and Joseph M. H. Renner to re-
cover damages for alienation of the affections of plaintiff's
husband, John F. Renner. There was a nonsuit as to Joseph
M. H. Renner, and a verdict for the plaintiff in the sum of
$15,000 against Annie M. Renner. The parties appear to
have been married without the knowledge of Mrs. Annie M.
Renner, who is the mother-in-law of the plaintiff, and the
marriage met her marked displeasure. The principal evi-
dence concerning the conduct of the defendant toward the
plaintiff was given by the plaintiff herself. Against this
was the testimony of the defendant and her two sons, to-
gether with some corroboration of trades people.

Thirty-five reasons for making absolute the rule are filed
in the case and those pressed are presented under seven
different heads. The first is that the court erred in admitting

in evidence conversation and a written statement of plaintiff's husband not in the presence of. the defendant. These conversations were competent as evincing the state of mind of the husband toward the plaintiff, and the statement was properly received in rebuttal as affecting the credibility of the husband who had been a witness called by the defendant.

The second point is that the court improperly permitted evidence of the husband's conduct while they were living together. This was clearly competent. It is by one's conduct that his mind is discerned.

It is urged in the next two points that the court erred in failing to charge two of the defendants' requests. We think these were fully and adequately covered in the general charge of the court.

The fifth point is that a nonsuit should have been granted because the evidence was insufficient to establish that the defendant had any part in alienating the husband's affection for the plaintiff. Our examination of the record leads us to the conclusion that the court could not thus control the case. The facts proven clearly indicate that the defendant was hostile to the marriage of her son to the plaintiff from the start; that she was jealous of his affection for the new wife and sought to regain his affection to herself alone. From this time on there were scenes in which the defendant evinced a purpose to regain the son's affections to the exclusion of the wife. This, obviously, could well tend to alienate the husband's love for his wife.

It is next urged that the verdict was against the weight of the evidence. We think we cannot so hold. While the evidence on behalf of the plaintiff came principally from her own lips, and it was opposed by that of her husband, the defendant and a brother of the husband, the plaintiff's story bears the impress of truth, and the testimony of the husband was largely neutralized by the written statement above referred to.

Finally, it is contended that the verdict of $15,000 was excessive. Damages in such cases are difficult of appraisement. The loss of affections is the gravamen of the charge

and the grief and anguish entailed cannot be measured by any mathematical formula. The plaintiff was when married in 1923 a young girl of seventeen. Her hopes and happiness may well have been centered in him who had solemnly promised to love and cherish her to the end. To have her married life thus shattered is no slight wrong. To the personal bereavement is to be added the material loss and finally punitive damages if the jury see fit to award them. Under all the circumstances we do not feel justified in disturbing the verdict which the jury has seen fit to award.

The rule for new trial is discharged.